UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BROCK,

    Petitioner,                           Civil No. 2:09-CV-14005
                                             HONORABLE VICTORIA A. ROBERTS
v.                                        UNITED STATES DISTRICT JUDGE

JEFF WHITE,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS**

Richard Brock, ("petitioner"), on parole supervision with the Michigan Department of Corrections through the Macomb County Parole Office, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§§ 2241, 2254, and 2255. [1] In his *pro se* habeas petition, he claims that the Michigan Department of Corrections used a forged document to extend his prison sentence. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. Background**

In July of 1982, Petitioner was convicted in the Genesee County Circuit Court of two counts of unlawfully driving away an automobile (UDAA); two counts of armed

---

[1] Section 2255 is inapplicable in this case, because Petitioner is a state prisoner. A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his or her sentence was imposed in violation of the federal constitution or laws. *See Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998).

robbery; one count of assault with intent to murder; one count of kidnapping; and one count of felony firearm. Petitioner was sentenced to three to five years for the UDAA convictions; ten to twenty years for one armed robbery conviction and fifteen to twenty five years for the other; twenty six to forty years for the kidnapping conviction; and thirty to fifty years for the assault with intent to commit murder conviction. Petitioner also received a consecutive two year term for the felony firearm conviction.

Petitioner filed a habeas petition, claiming that the Michigan Department of Corrections [M.D.O.C.] deprived him of earned good time and special good time credits for his 1982 sentence of thirty to fifty years for attempted murder by using rules that became effective after he was sentenced. Petitioner alleged that the retroactive application of these new rules violated the Due Process, Double Jeopardy, and *Ex Post Facto* Clauses of the United States Constitution and also amounted to a Bill of Attainder. Petitioner also claimed that the M.D.O.C. used forged documents to extend his prison sentence.

On October 19, 2009, this Court transferred Petitioner's case to the United States Court of Appeals for the Sixth Circuit for Petitioner to obtain authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive petition for writ of habeas corpus. On June 8, 2010, the United States Court of Appeals for the Sixth Circuit denied Petitioner authorization to file a successive petition regarding his claim concerning his good-time credits, because he had previously filed a habeas challenge to the constitutionality of the forfeiture of his good time and special good time credits. However, the court also ruled

2

that Petitioner did not need the Sixth Circuit's authorization to file a successive petition regarding his claim that the M.D.O.C. used a forged document to extend his sentence, because it was not clear that Petitioner could have raised that claim in his previous habeas petition. The case was remanded to this Court for further proceedings. *In Re Brock,* U.S.C.A. No. 09-2346 (6th Cir. June 8, 2010). This Court reinstated the petition for writ of habeas corpus and ordered respondent to file an answer.

In this sole claim, Petitioner says that the M.D.O.C. used forged documentation to extend his period of incarceration by altering his prison record to appear as though Petitioner was convicted of more than one count of felony-firearm. Petitioner seeks release from custody.

## II. Discussion

The petition for writ of habeas corpus is subject to dismissal for several reasons.

First, to the extent Petitioner claims that these allegedly forged documents were used to deny him parole, his release on parole mooted this claim.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury

which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once the sentence expires a concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained in federal court and not be considered moot. *Id.*

Where a habeas petitioner chooses to attack only his or her sentence, and not the underlying conviction, and that sentence expires during the course of the habeas proceeding, the habeas petitioner's claim for relief is moot. *See Lane v. Williams,* 455 U.S. 624, 630-31 (1982). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).

To the extent Petitioner's main objective in filing this petition was to be released on parole, Petitioner's release on parole renders his claim moot, because there is no longer a case or controversy to litigate. *See Townsend v. Vasbinder,* 365 Fed. Appx. 657, 660 (6th Cir. 2010); *Mannino v. Gluch,* 891 F. 2d 291; No. 1989 WL 145909, * 1 (6th Cir. December 4, 1989).

More importantly, Petitioner failed to establish through clear evidence that the M.D.O.C. forged documents to lengthen his incarceration. Although Petitioner attached

4

two documents that appear to refer to more than one felony-firearm conviction, and this Court also found a Therapy Admission Report prepared in September of 2007 which suggested that Petitioner had two felony-firearm convictions, (See Record, p. 55), the Michigan Parole Board record contain several documents which clearly indicate Petitioner was convicted of only one count of felony firearm, including the M.D.O.C. Bureau of Probation Pre-Sentence Investigation Report, the M.D.O.C. Basic Information Report, and the Judgment of Sentence issued by the Genesee County Circuit Court on July 29, 1982. (*Id.* pp. 77, 82, 89, 91). The three separate Parole Eligibility/Lifer Review Reports indicate that Petitioner was convicted of only one felony-firearm count. (*Id.* at pp. 29, 44, 65). The Michigan Offender Tracking Information System also indicates that Petitioner's active sentences include only one count of felony firearm. [2]

Conclusory allegations by a habeas petitioner, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico,* 455 F. 3d 722, 733 (6th Cir. 2006)(bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding); *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998)(conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief). Conclusory allegations against the Michigan Parole Board also do not provide a basis for providing habeas relief. *See Prince v. Straub,* 78 Fed. Appx. 440, 442 (6th Cir. 2003)(conclusory allegations that state parole board was

---

[2] *See* Dkt. 10-2 of this Court's docket entries. This Court is permitted to take judicial notice of the Michigan Department of Corrections' Offender Tracking Information System (OTIS). *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004),

biased against parolee, improperly credited witness' testimony during parole revocation hearing, and gave witness favorable treatment did not provide basis for federal habeas relief).

Petitioner provided no evidence that the Michigan Parole Board or the M.D.O.C. forged documents to add additional felony-firearm convictions to his record. At best, Petitioner provided the Court with documents which may contain inaccurate information or typographical errors. Petitioner offered no evidence that the Michigan Parole Board denied him parole based on the belief that Petitioner had been convicted of more than one felony-firearm count. Petitioner, in fact, failed to offer any argument, how these allegedly forged documents lengthened his prison sentence by ten years. Michigan's felony-firearm statute calls for a mandatory two year sentence to be served consecutively to the underlying predicate felony offense. See M.C.L.A. 750.227b(2). However, terms of prison for multiple felony-firearm convictions must be served concurrently with one another, because Michigan's felony-firearm statute "neither compels nor authorizes a trial judge to impose consecutive multiple sentences" for separate felony-firearm convictions. *People v. Sawyer,* 410 Mich. 531, 535; 302 N.W.2d 534 (1981). Under Michigan law, Petitioner could not have served more than two years in prison, regardless of whether the Michigan Parole Board believed that he had been convicted of one count of felony-firearm or several counts. Petitioner fails to show that his sentence was extended by erroneous or false information. The Court denies the petition for writ of habeas corpus.

The Court also denies petitioner's motion for the appointment of counsel. There is

no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Because Petitioner's claim lacks merit, the Court denies his request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

Finally, Petitioner filed a motion to consolidate, in which he actually appears to request that this Court permit him to file a civil rights complaint against the M.D.O.C. for the allegedly improper denial of good time credits and the alleged forging of the documentation.

This Court will not convert Petitioner's habeas petition into a civil action brought pursuant to 42 U.S.C. § 1983. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). Under the PLRA, when an inmate seeks pauper status, the only issue for the district court to determine is whether the inmate is required to pay the entire three hundred and fifty ($ 350.00) dollar filing fee at the outset of the case or over a period of time under an installment plan. *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). If a prisoner wishes to file a civil action and seek pauper status, the prisoner must file an affidavit of indigency as well as a certified copy of his or her prison account statement showing the activity in the inmate's prison account for the previous six months. *Id.* at 605.

In addition, the PLRA requires that district courts screen all civil cases brought by prisoners. See *McGore*, 114 F. 3d at 608. If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

Finally, a federal district court may dismiss an incarcerated plaintiff's civil case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C.§ 1915(g) (1996); *See also Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999).

Because of the vastly different procedural requirements for habeas petitions and other civil actions brought by prisoners, a court should not "convert" a habeas petition petition to a civil action brought pursuant to 42 U.S.C. § 1983. *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004); *See also Martin v. Overton*, 391 F. 3d 710, 713 (6th Cir. 2004)(holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without

8

notice to petitioner). Accordingly, the Court denies Petitioner's motion to consolidate without prejudice to his filing a new civil rights complaint.

### III. Conclusion

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764

(E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). A certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, but a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claim, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV.   ORDER

The Court DENIES:

(1)    The Petition for Writ of Habeas Corpus;

(2)    The motion for the appointment of counsel; and

(3)    A Certificate of Appealability.

Further, the motion for consolidation is **DENIED WITHOUT PREJUDICE** to Petitioner's ability to re-file a civil rights complaint pursuant to 42 U.S.C. § 1983.

Finally, Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 25, 2011

10

The undersigned certifies that a copy of this document was served on the attorneys of record and Richard Brock by electronic means or U.S. Mail on April 25, 2011.

s/Carol A. Pinegar
Deputy Clerk

11